IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS TAYLOR, )<br>　　　　　Petitioner, )<br>　　v. )<br>E. YLST,, )<br>　　　　　Respondent. )<br>_____ ) | No. C 06-2981 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING AS MOOT REQUEST TO BE RELIEVED OF DOCKET FEES**<br><br>(Docket No. 8) |

　　　　On May 3, 2006, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a decision by the California Board of Prison Hearings to deny him parole. By order filed June 16, 2006, the Court denied petitioner's application to proceed in forma pauperis and ordered petitioner to pay the filing fee. On July 11, 2006, petitioner paid the filing fee, and also filed a notice of appeal. By order filed July 18, 2006, the Court denied petitioner's request for a certificate of appealability; on March 9, 2007, the United States Court of Appeals dismissed the appeal. The petition is now before the Court for preliminary review.

　　　　The Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Fed. R. Governing Sec. 2254 Cases 4.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

     Here, petitioner has not provided, either in the space provided on the form petition or in any attachments thereto, the most basic facts regarding his case, such as the date and location of his conviction, the charges of which he was convicted, the terms of his sentence, the appeals, if any, he filed, the date of the decision denying parole, the appeals, if any, he filed from that decision, and any claims raised in such appeals.  Consequently, the petition fails to set forth sufficient information for the Court to discern whether jurisdiction and venue are proper in the District Court for the Northern District of California, let alone for the Court to order respondent to show cause.  See Hendricks, 908 F.2d at 491-92 (holding petitioner must state claims with sufficient specificity to enable respondent to prepare a response). Petitioner will be given leave to file an amended petition in which he completes the Court's form petition in its entirety and provides all of the information required therein.

     Accordingly, the Court orders as follows:

1.    The petition is hereby dismissed with leave to amend.  Within **thirty (30) days** of the date this Order is filed, petitioner may file an amended petition, using the Court's form petition, in which he corrects the deficiencies noted above.  The amended petition must include the caption and civil case number used in this Order, No. C 06-2981 MMC (PR), and must include the words AMENDED PETITION on the first page.

2.    **<u>The Amended Petition supersedes the initial petition and may not incorporate any part of it by reference.  Petitioner must include in the Amended Petition all the claims he wishes to present, and any attachments he wishes the Court to consider.  If petitioner fails to timely amend the petition as ordered herein, the petition will be dismissed.</u>**

3.    It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 3-11.

4. Petitioner has paid the filing fee. No "docket fee" is due and, accordingly, petitioner's request to be relieved of "docket fees" is hereby DENIED as moot.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: May 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge