IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>    Respondent.<br>_____ | No. C 06-2981 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**DENYING MOTION TO PROCEED**<br>**IN FORMA PAUPERIS ON APPEAL**<br><br>**(Docket No. 15)** |

      On May 3, 2006, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a decision by the California Board of Prison Hearings ("Board") to deny him parole. On May 11, 2007, the Court dismissed the petition with leave to amend, as petitioner had not provided sufficient information for the Court to determine whether jurisdiction and venue are proper in the Northern District and whether petitioner alleged cognizable claims for relief. Petitioner has filed an amended petition, which the Court now reviews.

**BACKGROUND**

      In 1991, in the Superior Court of Los Angeles County, petitioner was convicted of second degree murder and intimidation of a witness. He was sentenced to a term of fifteen years to life in state prison. On March 3, 2005, the Board found petitioner unsuitable for

parole.[1]

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.   Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because (1) he was not provided with a timely parole hearing; (2) there was insufficient evidence to support the Board's decision that his release would pose an unreasonable risk to public safety; and (3) he was provided ineffective assistance of counsel. Liberally construed, petitioner's claims are cognizable.

C.   Motion to Proceed In Forma Pauperis on Appeal

Petitioner has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal. The motion appears to have been made in response to a notice sent to petitioner by the Clerk of the Court and informing petitioner that the filing fee for an appeal filed by petitioner in this matter on July 11, 2006 is now past due. The motion will be denied, as petitioner did not

---

[1] In his amended petition, petitioner has provided no information as to whether he challenged the denial of parole by way of state habeas corpus. In his original petition, however, petitioner stated he had done so, and attached thereto a copy of the California Supreme Court's March 15, 2006 summary denial of a state habeas petition. Although petitioner, in his amended petition, does not allege exhaustion, the Court will not require petitioner to further amend the petition in order to do so. Rather, as set forth below, the Court will allow the petition to go forward, and respondent may raise the defense of nonexhaustion if appropriate.

2

comply with the requirements for proceeding IFP on appeal either at the time he filed his appeal or when he was ordered to do so by the Ninth Circuit.

The procedural history of petitioner's appeal is as follows. On June 16, 2006, the Court denied petitioner's application to proceed IFP in the above-titled action and ordered petitioner to pay the filing fee. On July 11, 2006, petitioner paid the filing fee, and also filed a notice of appeal. Petitioner did not, however, file a motion for leave to proceed IFP on appeal. On July 18, 2006, the Court denied petitioner's request for a certificate of appealability; that same date, the case file was forwarded to the Ninth Circuit. On January 22, 2007, the Ninth Circuit ordered petitioner either to file a motion in that court to proceed IFP on appeal, or to pay the $455.00 filing fee in full. On March 9, 2007, the Ninth Circuit dismissed the appeal for failure to prosecute, as petitioner had not responded to the January 22, 2007 order.

Ordinarily, leave to proceed IFP on appeal must be sought in the district court. See Fed. R. App. P. 24(a). If the party does not do so, a motion to proceed IFP on appeal may be filed in the Court of Appeals. See id. Rule 24(a)(5). Here, however, petitioner did not timely seek leave to proceed IFP on appeal either in the district court or in the Ninth Circuit. As a result, petitioner has not been granted leave to proceed IFP on appeal and is responsible for paying the filing fee in full. Accordingly, petitioner's belated motion for leave to proceed IFP on appeal will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion to proceed IFP on appeal is hereby DENIED. (Docket No. 15.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, along with all attachments in support thereof, upon respondents and respondents' counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

1 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
2 be granted based on petitioner's cognizable claims.  Respondent shall file with the answer
3 and serve on petitioner a copy of all portions of the state trial record that have been
4 transcribed previously and that are relevant to a determination of the issues presented by the
5 petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files
such a motion, petitioner shall file with the Court and serve on respondent an opposition or
statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on
respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
Court and respondent informed of any change of address and must comply with the Court's
orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be
granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 15.

IT IS SO ORDERED.

DATED: May 19, 2008

MAXINE M. CHESNEY
United States District Judge

4