IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>    Respondent.<br>_____ | No. C 06-2981 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO STRIKE PETITIONER'S EXHIBITS; DENYING PETITIONER'S MOTION FOR DISCOVERY AND EVIDENTIARY HEARING**<br><br>**(Docket Nos. 20, 21 & 25)** |

    On May 3, 2006, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the California Board of Prison Hearings ("Board") to deny him parole. On May 8, 2008, respondent filed an answer to the petition; on September 5, 2008, petitioner filed a traverse.

    Respondent has filed a motion to strike two exhibits submitted by petitioner in support of the petition, on the ground petitioner did not file such exhibits with his state habeas petitions. First, respondent moves to strike petitioner's Exhibit B, a letter written, in July 1999, by Richard Goodman to Robert Presley, Secretary of the "Youth and Adult Correctional Agency" ("Goodman Letter"). (Pet. Ex. B.)[1] In said letter, Goodman sets forth what he refers to as the results of his "study of the activities and costs of the Board of Prison Terms." (Id.) In the instant petition, petitioner relies on Goodman's conclusion that the Board makes its decisions to deny parole before a prisoner's parole hearing has commenced.

---

[1] Goodman is identified by petitioner as a "politician." (Pet. at 8a.)

(Pet. at 8a & Ex. B.)  Second, respondent moves to strike petitioner's Exhibit C, a declaration by Ed Payton ("Payton Declaration"), a life-term prisoner who has been incarcerated for thirty-three years.  In his declaration, Payton states that the Board denied petitioner parole after only two or three minutes of deliberation, and that he "had never seen deliberations after a lifer hearing[] end so fast."  (Pet. Ex. C.)

In opposition to respondent's motion, petitioner notes that respondent's Exhibit 1 to the answer is a copy of the state habeas petition that petitioner filed in the superior court, and argues such petition includes copies of the above-referenced exhibits.  In reply, respondent concedes that the Payton Declaration was filed with petitioner's state habeas petition, but argues there is no evidence the Goodman Letter was ever filed in state court.

A district court may grant a habeas corpus petition on the basis of a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Whether the state court's decision was unreasonable must be assessed in light of the record the state court had before it.  Holland v. Jackson, 542 U.S. 649, 652-53 (2004) (per curiam).

The Court has reviewed the copy of petitioner's state habeas petition submitted by respondent in support of the answer to the instant petition.  Although, as respondent acknowledges, the Payton Declaration was filed with the superior court petition, there is no evidence to support petitioner's assertion that the Goodman Letter was part of the state court record.  Accordingly, respondent's motion to strike petitioner's Exhibit B is hereby GRANTED and respondent's motion to strike petitioner's Exhibit C is hereby DENIED.

Petitioner has filed a motion seeking leave to obtain discovery from respondent and for an evidentiary hearing with respect thereto.  Specifically, petitioner seeks to support his argument that the Board is "predisposed to find petitioner unsuitable" by a showing that the Board denies parole to every prisoner at the prisoner's initial parole eligibility hearing;

2

petitioner seeks an order requiring respondent to provide the names of all prisoners who, in the past thirty years, received a parole date at their initial parole hearing. Respondent objects to such request on the ground it is vague and unduly burdensome, and because such records were not before the state courts when they ruled on petitioner's claims. In response, petitioner asserts the superior court denied petitioner's claims at an early stage of the proceedings, and, consequently, that he should be allowed to supplement the record with any discovery he obtains herein.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Before deciding whether a petitioner is entitled to discovery under Rule 6(a), the district court must first identify the essential elements of the underlying claim, and must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. See Bracy, 520 U.S. at 904. Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Id. at 908-09 (quotation and citation omitted).

Assuming, arguendo, petitioner is not precluded from seeking such discovery for the first time in federal court, the Court finds that, at this juncture of the proceedings, good cause does not exist to allow petitioner the requested discovery. Although a prisoner is entitled to have his release date considered by a parole board that is free from bias or prejudice, O'Bremski v. Maas, 915 F.2d 418, 422 (9th Cir. 1990), in order to show that the Board, in petitioner's case, had a predisposition to deny parole, petitioner must present evidence that is more than speculative, see Morris v. Mendoza-Powers, No. 07-CV-0375 H(PCL), 2008 WL 4825927, at *4-5 (S.D. Cal. Nov. 5, 2008). Statistical data that the Board has never, as

petitioner maintains, granted parole at other prisoners' initial eligibility hearings does not serve to establish that the Board automatically denied parole to those prisoners, or to petitioner, or that the Board otherwise improperly made its determination, as parole may have been properly denied after the Board's individualized assessment of each of those cases. See Mosby v. Solis, 243 Fed. Appx. 246, 248 (9th Cir. 2007) (holding statistical denial rate insufficient to establish blanket policy to deny parole); see also Cosio v. Kane, No. C 05-1966 CRB (PR), 2007 WL 518599, at *6 (N.D. Cal. Feb. 12, 2007) (holding reliance on statistical data of high percentage of parole denials provides no proof of Board's systematic bias against parole where prisoner received individualized assessment of parole suitability); Morris, 2008 WL 4825927 at *4-5 (holding petitioner failed to demonstrate predetermined outcome of parole hearing where Board provided "detailed rationale" for decision).

Here, the discovery petitioner seeks would prove neither that the Board was predisposed to deny parole in petitioner's case nor that the Board lacked "some evidence" to support its decision in petitioner's case. See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (holding Board's decision deprives prisoner of due process if it is not supported by "some evidence" in the record).

Accordingly, petitioner's request for discovery and for an evidentiary hearing is hereby DENIED.

This order terminates Docket Nos. 20, 21 and 25.

IT IS SO ORDERED.

DATED: December 16, 2008

_____
MAXINE M. CHESNEY
United States District Judge